UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROLAND WILLIAMS, | ) | CASE NO. 1:09 CV 1161 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| INDYMAC BANK, F.S.B., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Roland Williams filed the above-captioned action under the Real

Estate Settlement Practices Act ("RESPA") 12 U.S.C. 2605, the Fair Debt Collections Practices Act

("FDCPR") 15 U.S.C. § 1692, and the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681

against Indymac Bank, FSB ("Indymac").  In the complaint, plaintiff alleges Indymac did not

respond to his request for information submitted after the conclusion of a foreclosure action.  He

seeks monetary damages.

## Background

Mr. Williams and his wife purchased real property located at 1927 E. 70th Street in

Cleveland, Ohio on October 26, 2006.  The property was secured by a mortgage in the amount of

$534,225.00 through Quicken Loans, Inc.  Mr. Williams claims he received a telephone call from

Indymac on April 10, 2007 informing him that Indymac purchased his mortgage from Quicken Loans. Mr. Williams told the Indymac representative that he would only do business with Indymac if they sent him proof of the assignment of the mortgage. He contends Indymac did not comply with his request. Mr. Williams does not indicate whether he continued to send his mortgage payments to Quicken Loans, or whether he stopped sending payments on the mortgage entirely.

Indymac filed a foreclosure action in the Cuyahoga County Court of Common Pleas on September 19, 2007. Mr. Williams filed two Affidavits in the action, challenging the assignment of the mortgage, but did not file an Answer to the Complaint. He filed several Motions seeking dismissal of the foreclosure action. All of his Motions were denied. Indymac filed a Motion for Default Judgment which was set for hearing on February 13, 2008. Mr. Williams was present at the hearing and was ordered to file a formal Answer to the Complaint within 14 days. He failed to do so, and Indymac was granted a default judgment on April 2, 2008 in the amount of $534,225.00. Thereafter, on April 24, 2008, Mr. Williams sent Indymac a letter demanding information regarding "servicing pooling, accounting, debit and credits, assignments, attorney fees, suspense [and] unapplied funds, late fees, property inspection, BPO fees, and forced placed insurance, totaling 185 questions." (Compl. at 3.) Indymac did not respond to the letter. The property was sold at sheriff's auction on March 16, 2009. The confirmation of sale was recorded on March 26, 2009. Mr. Williams did not file an appeal of the Common Pleas Court judgment. Instead, he filed the within federal court action on May 20, 2009.

Mr. Williams first claims that Indymac violated RESPA, 12 U.S.C. § 2605(C)(1)(2). He asserts that by statute, Indymac was required to notify him of the sale or transfer of the mortgage within 15 days of the transfer. He claims Indymac failed to provide him with proof that they were

the servicer of the mortgage loan.  He asserts that Indymac is therefore liable to him for $1,000 in damages.

In Count II of his complaint, Mr. Williams asserts that Indymac failed to comply with 12 U.S.C. § 2605(E)(1)(B) of RESPA.  He asserts that the servicer of a loan is required to respond to a qualified written request for information relating to the servicing of the loan within 20 days of receipt of the request.  He claims he sent his post judgment letter to Indymac seeking answers to  185 questions.  Indymac did not respond to the letter.  He asserts that Indymac violated RESPA and demands judgment in the amount of $185,000.00 plus punitive damages.

In Count III of his complaint, Mr. Williams asserts that Indymac violated 15 U.S.C. § 1692 of the Fair Debt Collection Practice Act.  He contends that the FDCPA requires a debt collector to respond in writing within 30 days to a request by a debtor for the name and address of the original creditor and verification of the debt.  He further contends that the debt collector is required to cease all attempts to collect the debt until this information has been provided.    Mr. Williams states he submitted this request to Indymac through his post judgment letter.  He asserts that they did not respond to his letter, and did not stop collection proceedings.

Mr. Williams also includes a claim under the Fair Credit Reporting Act, 15 U.S.C. 1681.  He claims the statute prohibits reporting information to any consumer-reporting agency if the person knows or consciously avoids knowing the information is inaccurate.  He asserts that Indymac knew he disputed the legality of the judgment obtained against him and failed to include this information in its report to the consumer reporting agencies.  He seeks $ 150,000.00 as well as punitive damages.

## Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).  The claims asserted in this action satisfy these criteria.

As an initial matter, Mr. Williams had the opportunity to thoroughly litigate the adequacy of the notice he received about the transfer, the question of Indymac's standing to collect the mortgage, and the accuracy of the amount of the debt during the foreclosure proceedings.  Mr. Williams filed several affidavits objecting to the foreclosure proceedings.  Those affidavits were not deemed to be sufficient.  A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state.  28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002).  Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit.  National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990).  The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  The Ohio courts have already determined that Mr. Williams defaulted on the mortgage held by Indymac and judgment was issued against him.  This court is bound to give full faith and credit to the decisions of that court.

Moreover, even if <u>res judicata</u> did not require dismissal, Mr. Williams's claims are also without merit and cannot proceed.  When the foreclosure was filed against him, Mr. Williams did not file a formal answer even when directed to do so by the judge.  Six months later, the court granted Indymac's Motion for a Default Judgment.  After the judgment was issued against him, Mr. Williams sent an extensive letter to Indymac demanding information about their loan servicing practices.  When Indymac did not respond to this post judgment request for information, Mr. Williams initiated the within action claiming their refusal to answer his letter constituted a violation of RESPA, FDCPA, and the FCRA.

Under RESPA, a loan servicer is required to respond to qualified inquiries challenging the accuracy of the borrower's loan records.  A qualified written request must include a statement of the reasons for the borrower's belief that the account is in error.  12 U.S.C. §2605(e)(1)(b).  Upon receipt of a qualified request, the loan servicer must investigate the complaint and make appropriate corrections to the account or provide an explanation of the charges to the borrower.  12 U.S.C. §2605(e)(1)(c).  In this case, however, plaintiff indicates he sought information concerning the loan servicing practices of Indymac.  He does not suggest he disputed the amount owed on the loan.  Moreover, the amount of the mortgage debt had already been determined by the court of common pleas and that amount was reflected in a judgment against the plaintiff.  There is no reasonable indication that the post judgment letter Mr. Williams sent to Indymac could be construed as a "qualified request" under RESPA, or that Indymac was required to supply the information he requested after judgment had been issued.

Similarly, Mr. Williams claims that Indymac's failure to reply to his letter was a violation of the FDCPA which requires a response to a challenged debt within 30 days after the

request is made.  All collection efforts must cease until the information is provided to the debtor. In this case, there is no indication in the complaint that the post judgment letter sent to Indymac was the type of request contemplated by the FDCPA.  The parties had concluded the litigation process and the amount of the debt and the identity of the creditor were memorialized in the judgment.  Mr. Williams failed to state a claim for relief under the FCDPA.

Finally, Mr. William's contends Indymac violated the FCRA by failing to inform the three major credit reporting agencies that he did not agree with the judgment and indicates the company did not perform an internal investigation "of the disputed information."  (Compl. at 10.) Mr. Williams does not explain which information is disputed; however, it appears he is questioning whether Indymac purchased the mortgage from Quicken Loan.  That issue was decided with the common pleas court judgment.  He does not assert that Indymac incorrectly reported the amount of the judgment against him.

## Conclusion

Accordingly, this action is dismissed.  The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

 /s/Dan Aaron Polster 7/21/09
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

6